IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONTEMPO HOMEOWNERS ASSOCIATION,<br><br>Defendant. | Case No. 18-cv-02722-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 9 |

Before the Court is plaintiff United States Liability Insurance Company's ("USLI") "Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment," filed May 22, 2018. Defendant Contempo Homeowners Association ("Contempo") has filed opposition, to which USLI has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

By the instant motion, USLI seeks summary judgment on two of the claims alleged in its Complaint: (1) the First Claim for Relief, by which it alleges that, under the Professional Liability Coverage Part ("PL") of a policy it issued to Contempo (see Pl.'s Ex. 1), it has no duty to defend Contempo in two underlying actions pending in state court, specifically, HRB Consulting Inc. v. Contempo ("HRB Action") and All Seasons Roofing & Waterproofing, Inc. v. Contempo ("ASR Action"); and (2) the Second Claim for Relief, by which it alleges that, under the PL part of the policy, it has no duty to indemnify

---

[1] By order filed August 8, 2018, the Court took the matter under submission.

Contempo in those two actions.[2] Specifically, USLI relies on exclusions in the PL part of the policy that, it argues, establish it has no duty to defend or indemnify.[3]

To the extent USLI argues that it has no duty to indemnify Contempo, the Court finds USLI is entitled to summary judgment. In particular, the underlying plaintiffs base their respective claims on allegations that Contempo failed to perform obligations owed under express contracts,[4] and Exclusion M of the PL part of the policy provides that USLI "shall not be liable to make any payment for Loss . . . in connection with any Claim made against [Contempo] . . . for damages under any express contract or agreement." (See Pl.'s Ex. 1 at USLI000010, USLI000019.)

To the extent USLI argues that, under the PL part of the policy, it has no duty to defend Contempo on the underlying claims for breach of contract, however, the Court finds, for the reasons stated below, USLI has failed to show it is entitled to summary judgment.

First, there is no dispute that Exclusion M, by its terms, does "not apply to Defense Costs associated with any [such] Claim." (See id. Ex. 1 at USLI000019.)[5] Rather, USLI

---

[2] Although the complaint also includes claims that USLI, under the Commercial Liability Coverage Part of the policy, has no duty to defend and no duty to indemnify Contempo in the underlying actions (see Compl. ¶¶ 35-42), those claims are not the subject of the instant motion (see Pl.'s Reply at 11:21). The Court notes, however, that there may not exist a case or controversy with respect to USLI's denial of coverage thereunder. (See Pl.'s Mot. at 3:27-28; Sutton Decl. ¶¶ 5-6).)

[3] USLI does not argue, at least for the purpose of the instant motion, that, in the absence of an exclusion, it would not owe Contempo, under the PL part of the policy, both a duty to defend and to indemnify.

[4] The underlying plaintiffs in the HRB Action allege that they entered into a contract with Contempo, titled "2008 Re-Roof Project Construction Management Services," and that Contempo "breached the agreement by failing to pay for services performed." (See Pl.'s Ex. 2 ¶ BC-2 and Ex. A attached thereto.) The underlying plaintiff in the ASR Action alleges that it entered into a contract with Contempo "to provide all labor, materials, supplies, and services necessary to perform work related to a roofing replacement project" (see id. Ex. 4 ¶ 6) and that Contempo "breached the above-described agreement in that [Contempo] . . . failed to pay [p]laintiff monies due, owing, and unpaid" (see id. ¶ 18).

[5] "Defense Costs" is defined in the policy as "reasonable and necessary legal fees and expenses . . . resulting from the investment, adjustment, defense and appeal of a Claim." (See id. Ex. 1 at USLI000008.)

2

argues, no duty to defend exists in light of three other exclusions, specifically, Exclusions A, J, and L.

In support thereof, USLI relies primarily on Exclusion A, which provides that USLI "shall not be liable to make payment for . . . Defense Costs in connection with any Claim made against [Contempo] arising out of, directly or indirectly resulting from or in consequence of, or in any way involving . . . damage to or destruction of any property including any loss of use or slander of title." (See id. Ex. 1 at USLI000010.) According to USLI, the underlying claims arise out of or involve property damage, in that Contempo's defense to the breach of contract claims is that the underlying plaintiffs, in the course of performing work for Contempo, damaged property owned by Contempo.

USLI, however, cites no authority holding that, in determining whether a claim arises out of or involves an excluded activity, a court looks to the allegations made by the insured in defense to the claim. Rather, in each of the cases on which USLI relies, the court examined the factual allegations on which the underlying claim was based, not the bases of any alleged or available defenses to the underlying claim.

In Commodore Plaza Condo. Ass'n v. QBE Ins. Corp., 2013 WL 150612 (S.D. Fla. January 14, 2013), the only case cited by USLI in which an exclusion similar to Exclusion A was at issue, the court considered an underlying complaint in which the plaintiff, a townhouse owner whose residence sustained hurricane damage, sued a condominium association for allegedly "fail[ing] to complete its maintenance, repair, reconstruction, and replacement obligations," in part by allegedly hiring workers that "caused additional damages" to the townhouse's "walls, ceilings, and roof" as well as a "rodent infestation." See id. at *1-2. The court concluded that an exclusion for claims "arising out of any damage, destruction, loss of use or deterioration of any tangible property" applied, for the reason that "all of [the underlying plaintiff's] claims [arose] from the fact that [his] townhouse suffered property damage." See id. at *1, 4.

In the other cases on which USLI relies, the court in each instance reached a similar result, namely, that the exclusion therein at issue was applicable for the reason

3

1   that the underlying claim arose out of the excluded activity. See, e.g., Medill v. Westport
2   Ins. Corp., 143 Cal. App. 4th 819, 829-30 (2006) (holding provision excluding coverage
3   for claims "arising out of breach of any contract" applicable where underlying plaintiffs'
4   "tort claims . . . for negligence and breach of fiduciary duty" were based on "failure of
5   [insureds] to perform their contractual obligations"; explaining "arising out of," as used in
6   insurance policies, "broadly links a factual situation with the event creating liability");
7   Begun v. Scottsdale Ins. Co., 2013 WL 12077974, at *1-2, 10-11 (N.D. Cal. 2013)
8   (holding underlying plaintiff's claim fell within policy provision excluding claims "arising out
9   of, attributable to, directly or indirectly resulting from, in consequence of, or in any way
10  involving the rendering or failing to render professional services," where complaint
11  alleged insureds, who provided payroll services, "failed to deposit payroll tax fund" with
12  Internal Revenue Service and instead "fled with [the] money"; explaining "the test for
13  coverage is . . . whether the allegations against [the insureds] would support coverage"),
14  aff'd, 613 Fed. Appx. 643 (9th Cir. 2015) (noting "the claims in the underlying action
15  centered on [the insureds'] personal failure, or their failure as the alter egos of [their
16  company], to render payroll services").

17       In sum, the Court finds USLI has not shown that, as a matter of law, the language
18  of Exclusion A is "clear and explicit" in providing an exclusion where the defense to an
19  otherwise covered claim arises out of property damage allegedly caused by the
20  underlying plaintiff, see Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1264 (1992)
21  (setting forth "rule[s] of construction" for insurance contracts), nor has it shown that, as a
22  matter of law, "the objectively reasonable expectations of the insured," at the time the
23  parties entered into the insurance contract, were that Exclusion A would apply under
24  such circumstances, see id. (providing rule of construction where contract's terms are "in
25  any respect ambiguous or uncertain").

26       Moreover, Contempo has shown a triable issue of fact exists as to whether USLI
27  has waived its right to rely on Exclusion A. See Intel Corp. v. Hartford Accident & Indem.
28  Co., 952 F.2d 1551, 1560 (9th Cir. 1991) (holding "waiver doctrine prevents an insurer

from 'sandbagging' the insured by constantly raising additional exclusions"); see also, e.g., Canadian Ins. Co. v. Rusty's Island Chip Co., 36 Cal. App. 4th 491, 497-98 (1995) (holding insurer's "failure to reserve its right to contest coverage under the policy's exclusions of coverage for willful acts or trademark infringement waived its right to assert those exclusions as a basis for denying coverage"). Specifically, Contempo points to evidence that USLI agreed to provide a defense to the HRB Action and the ASR Action in, respectively, November 2013 and July 2015 (see Pl.'s Exs. 3, 5), but did not rely on any of the above three exclusions until February 2018 (see Houghton Decl. ¶ 5), despite its having been made aware no later than March 2015 that Contempo was asserting a defense in those underlying actions that, "[a]s a direct and proximate result of the conduct of the [underlying plaintiffs] . . ., Contempo has suffered damage to the Subject Property" (see Pl.'s Ex. 6 ¶ 56).

Next, USLI relies on Exclusion J, which provides that USLI "shall not be liable to make payment for . . . Defense Costs in connection with any Claim made against [Contempo] arising out of, directly or indirectly resulting from or in consequence of, or in any way involving . . . any Claim made by or against any builder, developer, or sponsor." (See Pl.'s Ex. 1 at USLI000010-11.) According to USLI, the underlying plaintiffs are "builders." (See Pl.'s Mot. at 18:26.) As Contempo correctly points out, however, USLI fails to show that the underlying plaintiffs are, in fact, "builders" within the meaning of Exhibit J. Indeed, USLI acknowledges that the underlying plaintiffs were hired by Contempo to provide, respectively, "roof consultation" services and "re-roofing" services (see id. at 2:14-17), i.e., services to be rendered in connection with the repair of existing roofs. Moreover, even assuming the underlying plaintiffs could be characterized as "builders," a triable issue exists as to waiver, in light of evidence showing USLI did not rely on Exclusion J until February 2018. (See Houghton Decl. ¶ 5).

Lastly, USLI relies on Exclusion L, which provides that USLI "shall not be liable to make payment for . . . Defense Costs in connection with any Claim made against [Contempo] arising out of, directly or indirectly resulting from or in consequence of, or in

any way involving . . . any actual or alleged liability of [Contempo], in whole or in part, including but not limited to actions for contribution or indemnity, related to or for any Construction Defect(s)." (See Pl.'s Ex. 1 at USLI000010-11.)  Much like the position it takes with respect to Exclusion A, USLI argues Exclusion L applies for the asserted reason that Contempo's defense to the underlying breach of contract claims is that the underlying plaintiffs caused "Construction Defects." (See Pl.'s Mot. at 19:1-4.)  For the same reasons as set forth above with respect to Exclusion A, the Court finds USLI has failed to show that, as a matter of law, Exclusion L is properly interpreted as applicable to an otherwise covered claim where the insured defends on the ground of construction defects allegedly caused by the underlying plaintiff.  Further, as set forth above with respect to both Exclusions A and J, a triable issue of fact exists as to waiver.

**CONCLUSION**

For the reasons stated above, USLI's motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent USLI seeks summary judgment in its favor as to the Second Claim for Relief, the motion is GRANTED.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 10, 2018

MAXINE M. CHESNEY
United States District Judge